IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION
CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
JUL 31 2008
JOHN F. CORCORAN, CLERK
BY: /s/ HMcDonald
DEPUTY CLERK

| | |
|---|---|
| DWIGHT LEWIS, <br>     Petitioner, | Civil Action No. 7:08-cv-00441 |
| v. | **MEMORANDUM OPINION** |
| K.W. DAVIS, WARDEN, <br>     Respondent. | By:   Hon. Jackson L. Kiser <br> Senior United States District Judge |

Petitioner, a Virginia inmate proceeding pro se, has submitted to the court this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. However, court records indicate that petitioner has previously filed two other § 2254 petitions concerning the same convictions, Civil Action No. 7:04-cv-00192 and Civil Action No. 7:06-cv-00554.[1] Thus, petitioner's current petition is a subsequent one, falling under the successive petition provisions of the federal habeas statutes in 28 U.S.C. § 2244(b). Pursuant to this section, a federal district court may consider a second or successive § 2254 petition only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the petition meet certain criteria. Because petitioner has not submitted any evidence that he has obtained such certification by the United States Court of Appeals for the Fourth Circuit, I will dismiss the petition without prejudice as successive.[2]

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner.

ENTER: This 31st day of July, 2008.

/s/ Jackson L. Kiser
Senior United States District Judge

---

[1] Lewis contends that he did not know that his "new law and old law were run together" causing his "sentence to go up from 23 years and 24 months to 24 years and 30 months" until May 24, 2007. (Pet. at 9, 12.) However, a review of the previous § 2254 petitions indicates that this exact complaint was the crux of both petitions.

[2] A form and instructions for filing a request for certification to file a subsequent petition are available from the United States Court of Appeals for the Fourth Circuit at the following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219. I find it noteworthy that Lewis was advised of this prerequisite in the September 29, 2006 order dismissing his second § 2254 petition, Civil Action No. 7:06-cv-00554.